'INTERNATIONAL FOOD CO. v. BECKERD.

(Supreme Court, Appellate Division, Third Department. December 12, 1899.)

1. CONTRACTS—PLEADING—ANSWER.

Defendant in an action on a contract for the price of stock food answered that the contract was signed for her by her husband, who could not read, and that plaintiff's agent read the contract to him as if it contained an agreement to deliver a wagon with the food, whereas no such agreement was in the contract, and the wagon had not been delivered. Defendant did not ask to have the contract reformed, but repudiated it altogether.

*Held* insufficient to constitute a defense, since the nondelivery of the wagon was not a breach of the contract as written, and, if the contract was void for fraud, defendant had no right to the wagon.

2. SAME.

Where defendant's answer to an action on a contract alleged a counterclaim to which she would not be entitled if the contract was valid, and did not allege that it was void, the answer was insufficient.

Appeal from Columbia county court.

Action by the International Food Company against Elizabeth Beckerd. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John L. Crandall, for appellant.

G. K. Daley, for respondent.

LANDON, J. The complaint is for the recovery of $113 upon account of 2 tons of "International stock food" sold and delivered by the plaintiff upon the written order of the defendant to the defendant at the agreed price of $8.50 per 100 pounds; the said sum being due according to the terms of the order. The answer, in its second defense, denies the making of the written order, and alleges that the defendant "repudiates said contract in whole and in part." For a third defense, it alleges that the order was procured by fraud. It does not deny the delivery of the goods, nor allege an offer to return them. It alleges that the defendant's husband notified the plaintiff, for defendant, that she would not accept them; and this was perhaps intended as an allegation of a refusal to accept them. The fraud alleged in the third defense is to the effect that the defendant's husband acted as her agent, but was unable to read, and that the plaintiff's agent induced him to give the written order by reading the same as if there was written therein the plaintiff's agreement to deliver to the defendant with said food a wagon worth $125, to be used by defendant, and to become her property upon her payment in full for the food ordered, whereas the same was not written therein. The fourth "answer and defense," to which the plaintiff demurs, states "that, if said contract or order was ever executed by said defendant's said husband, the plaintiff ought not to have or maintain this action," because the plaintiff never delivered the wagon to the defendant as therein he agreed, to the defendant's damage $125. As the written contract upon which the plaintiff seeks to recover is silent as to the wagon, and as the defendant does not seek to reform the contract by inserting therein the provision respecting the wagon, or claim damages because of its nondelivery, but repudiates the contract altogether, the nondelivery of the wagon is not a breach of the contract as written, or as the defendant asks to have it reformed. The wagon, under the whole pleading, serves no other purpose than to show the fraud by which defendant was induced to make the contract. If defendant shows the fraud, the contract is void, unless the defendant has ratified it; and, if it is void, that

ends her right to the wagon. If it is not void, she never had any right to the wagon. The fourth answer does not constitute any defense to the complaint. The fifth answer alleges as a counterclaim .that defendant's husband, in good faith relying upon the false representations and reading of the plaintiff's agent as previously set forth, on April 1, 1897, paid, as agreed in said written contract, to the station agent at Mellenville, $47.50, the money of defendant, as and for the freight on said food; and the defendant "asks to have allowed her the said sum of $47.50, with interest." If the written contract is valid, the defendant is not entitled to this allowance. If the contract was procured by means of the fraudulent representations of the plaintiff's agent, then it is void or voidable. It would be void if defendant refused to accept the food, and so notified the plaintiff in due time, or, having received it, restored or offered seasonably to restore it to the plaintiff. That any of these facts exist, the fifth answer, or any other part of it, does not state, and therefore no counterclaim is stated.

The interlocutory judgment should be reversed, with costs, and judgment directed for the plaintiff on the demurrer, with costs, with usual leave to the defendant to amend her answer upon payment of costs. All concur.